J-S54041-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TORRENCE DEONTA LYDE | : | |
| | : | No. 387 WDA 2017 |
| Appellant | | |

Appeal from the PCRA Order January 24, 2017
In the Court of Common Pleas of Indiana County
Criminal Division at No(s): CP-32-CR-0001206-2013

BEFORE: OTT, MOULTON, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.: FILED DECEMBER 08, 2017

Appellant, Torrence Deonta Lyde, appeals from the order granting in part and denying in part his first timely petition filed under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. Appellant contends the evidence was insufficient to support his convictions, the verdicts were against the weight of the evidence, and his prior counsel was ineffective. We affirm the PCRA order in part, vacate in part, and remand to the PCRA court for further proceedings consistent with this memorandum.

On August 21, 2013, Appellant was arrested in an apartment where a confidential informant had just purchased heroin. Officers found Appellant in the bathroom of the apartment after hearing a flushing toilet. Appellant had

_____

[*] Former Justice specially assigned to the Superior Court.

to be tasered and subdued in the course of his arrest. After a jury trial, Appellant was convicted of possession with intent to deliver ("PWID"),[1] conspiracy to commit PWID,[2] possession of a controlled substance,[3] recklessly endangering another person,[4] and resisting arrest.[5] The trial court sentenced Appellant to an aggregate sentence of four and one-half to fifteen years in prison.

Appellant's counsel did not file post-sentence motions but did file a direct appeal challenging the sufficiency of the evidence, the weight of the evidence, and the trial court's decision to allow testimony regarding the controlled drug buy without revealing the identity of the confidential informant. This Court concluded that Appellant waived his weight of the evidence claim for failure to file post-sentence motions and waived his sufficiency claim for failure to properly develop the claim on appeal. Commonwealth v. Lyde, 387 WDA 2017 (Pa. Super. filed June 11, 2015) (unpublished memorandum). In addition, this Court determined that Appellant did not raise an issue regarding the identity of the confidential

_____

[1] 35 P.S. § 780-113(a)(30).

[2] 18 Pa.C.S. § 903(a).

[3] 35 P.S. § 780-113(a)(16).

[4] 18 Pa.C.S. § 2705.

[5] 18 Pa.C.S. § 5104.

informant during trial and, therefore, that issue was also waived. Id. Appellant did not seek allowance of appeal in the Pennsylvania Supreme Court.[6]

Appellant filed a timely pro se PCRA petition. The PCRA court appointed counsel, who filed an amended petition. The PCRA court conducted a hearing on September 6, 2016, at which prior counsel testified. At the conclusion of the hearing, Appellant's PCRA counsel presented arguments challenging the sufficiency and the weight of the evidence. On January 24, 2017, the PCRA court concluded that: (1) Appellant's sentences for PWID were illegal pursuant to Alleyne v. United States, 133 S. Ct. 2151 (2013); (2) Appellant's prior counsel had been ineffective for failing to properly preserve Appellant's sufficiency and weight of the evidence claims; and (3) Appellant's remaining ineffective assistance of counsel claims were meritless. PCRA Ct. Op. & Order, 1/24/17, at 11. The court restored Appellant's direct appeal rights as to the sufficiency and weight of the evidence. Id.

Appellant filed the instant notice of appeal on February 21, 2017.[7] The following day, February 22, 2017, still within the thirty day appeal period, the

_____

[6] Appellant was represented by the same counsel from pretrial to the conclusion of his direct appeal.

[7] In his notice of appeal, Appellant indicated that he intended to appeal the denial of PCRA relief. Pursuant to Commonwealth v. Watley, 153 A.3d 1034 (Pa. Super. 2016) the PCRA court's January 24, 2017 order is considered final because the order addressed all issues in Appellant's PCRA petition. Id. at 1039 n.3 ("an order granting in part and denying in part all issues raised in

PCRA court ordered resentencing to take place within sixty days. That same day, the court issued a separate order directing Appellant to file and serve a Pa.R.A.P. 1925(b) statement. Appellant timely filed a Rule 1925(b) statement raising his direct appeal claims, as well as ineffective assistance of counsel claims. In response, the PCRA court adopted its January 24, 2017 opinion as its Rule 1925(a) opinion. Subsequently, on May 1, 2017, the trial court resentenced Appellant to concurrent sentences of two to ten years' imprisonment for each PWID count, a reduction from the prior PWID sentences of three to twelve years' imprisonment. All other aspects of Appellant's sentence remained the same.[8]

_____

[a] PCRA petition was a final order for purposes of appeal."); see also Commonwealth v. Grove, __ A.3d __, 2017 WL 3763408 at *7 (Pa. Super. 2017) (holding that "the PCRA court's order granting relief with regard to sentencing and denying all other claims therefore was a final appealable order."). But see Commonwealth v. Gaines, 127 A.3d 15, 22-25 (Pa. Super. 2015) (en banc) (plurality) (Bender, P.J.E, dissenting). Even if we were to consider the PCRA court's January 24, 2017 order to be interlocutory, the trial court, as discussed below, subsequently resentenced Appellant, which would have made the order final. See Gaines, 127 A.3d at 22-25. Therefore, we would still conclude that this appeal was proper. See Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before entry of an appealable order shall be treated as filed after such entry and on the day thereof."); cf. Johnston the Florist, Inc. v. TEDCO Const. Corp., 657 A.2d 511, 514–15 (Pa. Super. 1995) (en banc).

[8] There is no indication in the record that Appellant or the Commonwealth filed post-sentence motions or an appeal from the May 1, 2017 judgment of sentence. We note that Pa.R.A.P. 1701(a) generally prohibits a trial from proceeding further in a matter after an appeal is taken. Pa.R.A.P. 1701(a). Nevertheless, the trial court retained the authority to resentence Appellant after he appealed the PCRA court's January 24, 2017 order because there was no dispute regarding the PCRA court's finding that the sentence was illegal.

Appellant raises the following issues for review:

1. Whether the evidence presented at trial was sufficient to warrant a guilty verdict on all charges?

2. Whether the jury verdict of guilty on the possession with intent to deliver a controlled substance and recklessly endanger another person was against the weight of the evidence?

3. Was previous counsel ineffective counsel for failing to request a mistrial or at the least a curative instruction after a police officer testified to an inadmissible hearsay statement that prejudiced [Appellant] at trial.

4. Was [Appellant's] counsel ineffective counsel because he failed to argue at trial and on appeal that any evidence of prior bad acts on behalf of [Appellant] should be excluded, thus, denying [Appellant] of a fair trial?

Appellant's Brief at 7.

At the outset, we comment that the present case presents an unusual procedural posture. Appellant technically took this appeal from the order granting in part and denying in part his request for PCRA relief and attempts to raise direct appeal claims and ineffectiveness claims. The trial/PCRA court stated that it substantially addressed Appellant's claims in its opinion and order suggesting no relief is due.

This Court has stated:

_____

See Pa.R.A.P. 1701(c) ("Where only a particular item, claim or assessment adjudged in the matter is involved in an appeal . . . the appeal . . . shall operate to prevent the trial court or other government unit from proceeding further with only such item, claim or assessment, unless otherwise ordered by the trial court or other government unit or by the appellate court or a judge thereof as necessary to preserve the rights of the appellant.").

> [O]nce a PCRA court determines that a petitioner's right to direct appeal has been violated, the PCRA court is precluded from reaching the merits of other issues raised in the petition. Rather, once the PCRA court finds that the petitioner's appellate rights have been abridged, it should grant leave to file a direct appeal and end its inquiry there.

Commonwealth v. Harris, 114 A.3d 1, 3-4 (Pa. Super. 2015) (citations and quotation marks omitted). Furthermore,

> Our Supreme Court determined that, absent certain circumstances, "claims of ineffective assistance of counsel are to be deferred to PCRA review; trial courts should not entertain claims of ineffectiveness upon post-verdict motions; and such claims should not be reviewed upon direct appeal." [Commonwealth v. Holmes, 79 A.3d 562, 576 (Pa. 2013)[9] (footnote omitted).]
>
> The Holmes Court noted two exceptions to the general rule of deferring ineffective assistance of counsel claims until PCRA review. First, "there may be an extraordinary case where the trial court, in the exercise of its discretion, determines that a claim (or claims) of ineffectiveness is both meritorious and apparent from the record so that immediate consideration or relief is warranted." Id. at 577 (emphasis added). Second, our Supreme Court determined that in cases where "prolix" claims of ineffectiveness are raised, "unitary review, if permitted at all, should only proceed where accompanied by a knowing, voluntary, and express waiver of PCRA review." Id. at 578.

Id. at 5-6.

Here, the PCRA court reinstated Appellant's direct appeal rights. Therefore, it technically lacked jurisdiction to rule upon the remaining "prolix"

---

[9] This Court in Holmes reaffirmed the principle stated in Commonwealth v. Grant, 813 A.2d 726 (Pa. 2002) that a claim of ineffective assistance of counsel should be deferred to PCRA review. Holmes, 79 A.3d at 563 (citing Grant, 813 A.2d at 738).

claims related to prior counsel's alleged ineffectiveness at trial. Although there was a PCRA hearing, our consideration of the PCRA court's denial of Appellant's remaining ineffectiveness claim would violate Holmes and Harris because the court did not find good cause and Appellant did not expressly waive his rights to further PCRA review. Holmes, 79 A.3d at 578. Thus, because the PCRA court reinstated Appellant's direct appeal rights, the PCRA court erred by considering the merits of Appellant's remaining ineffective assistance of counsel claims.

Additionally, Appellant asserted that prior counsel was ineffective for failing to preserve a weight of the evidence claim for appeal by filing post-sentence motions, and the PCRA court expressly reinstated Appellant's direct appeal right to raise this issue. However, the PCRA court did not reinstate Appellant's right to file post-sentence motions nunc pro tunc. We conclude further proceedings are necessary to resolve this discrepancy.

It is well settled that a weight of the evidence claim must be preserved in a motion before the trial court, and that this Court will only review the trial court's exercise of discretion in considering whether a new trial is necessary. See Pa.R.Crim.P. 607; Commonwealth v. Sherwood, 982 A.2d 483, 494 (Pa. 2009).

With respect to a claim of ineffective assistance of counsel regarding the failure to preserve a weight of the evidence claim, our Supreme Court has maintained a

> distinction between errors which completely foreclose merits review and those which merely "narrow its ambit." Thus, [the Court] held an attorney's failure to file a post-sentence motion preserving a particular sentencing claim "did not operate to entirely foreclose appellate review," but merely "waive[d] … those claims subject to issue preservation requirements which were not otherwise properly preserved."

Commonwealth v. Rosado, 150 A.3d 425, 432 (Pa. 2016) (citation omitted). "[C]ounsel's failure to file post-sentence motions did not fall within the narrow ambit of ineffectiveness claims requiring no finding of prejudice." Commonwealth v. Corley, 31 A.3d 293, 296 (Pa. Super. 2011) (citation and quotation marks omitted); see also Commonwealth v. Reaves, 923 A.2d 1119, 1129-30 (Pa. 2007).

Similarly, our Supreme Court, in Commonwealth v. Liston, 977 A.2d 1089 (2009), has held that the reinstatement of a defendant's direct appeal rights does not automatically reinstate a defendant's right to file post-sentence motions nunc pro tunc. Liston, 977 A.2d at 1093. Nevertheless, the Liston Court stated:

> Our holding should not be construed as prohibiting a PCRA court from reinstating a defendant's right to file post-sentence motions nunc pro tunc. If a defendant successfully pleads and proves that he was deprived of the right to file and litigate said motions as a result of the ineffective assistance of counsel, a PCRA court is free to grant such relief. Presumably, since post-sentence motions are optional, see Pa.R.Crim.P. 720(B), rarely will counsel be deemed to have been ineffective for failing to file them except, for example, when the claim involves the discretionary aspects of sentence or a challenge to a verdict on weight of the evidence grounds, claims

> which must be raised in the trial court to be preserved
> for purposes of appellate review.

*Id.* at 1094 n.9 (emphases added and some citations omitted).

Instantly, although the court expressly reinstated Appellant's right to appeal this issue, such relief would be illusory without further consideration of whether Appellant was entitled to file post-sentence motions nunc pro tunc. However, it is unclear whether the PCRA court considered Appellant's separate claim that trial counsel was ineffective for failing to file post-sentence motions under the traditional three-prong test of ineffective assistance of counsel. *See* *Reaves*, 923 A.2d at 1127 n.10 (noting petitioner must establish "that: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different." (citation omitted)). Therefore, we are constrained to vacate that portion of the PCRA court's order that reinstated Appellant's direct appeal rights to challenge the weight of the evidence and remand for further consideration of Appellant's claim that prior counsel was ineffective for failing to file post-sentence motions.

We note, however, that the PCRA court was well within its authority to find the imposition of mandatory minimum sentences illegal and that Appellant was entitled to PCRA relief because *Alleyne* was decided before his judgment of sentence became final and his PCRA petition was timely filed. *See*

Commonwealth v. Rivera, 154 A.3 370 (Pa. Super. 2017) (en banc), appeal denied, 70 MAL 2017 (Pa. July 27, 2017); Commonwealth v. Ruiz, 131 A.3d 54, 60-61 (Pa. Super. 2015). But see Commonwealth v. Washington, 142 A.3d 810 (Pa. 2016), Commonwealth v. Ciccone, 152 A.3d 1004 (Pa. Super. 2016) (en banc), appeal denied, 27 MAL 2017 (Pa. June 5, 2017). Moreover, we discern no error in the PCRA court's decision to reinstate Appellant's direct appeal based on trial counsel's per se ineffectiveness for failing to preserve any issues in the direct appeal. See Rosado, 150 A.3d at 432-33 (Pa. 2016). Thus, we affirm those aspects of the order that found Appellant's sentence illegal and reinstated his right to appeal.

Because we have vacated the portions of the order that purported to consider Appellant's "prolix" claims of ineffective assistance and vacated and remanded that portion of the order reinstating Appellant's weight of the evidence claim for further consideration, the proceedings on remand require further comment. If the PCRA court reinstates Appellant's right to file post-sentence motions, those motions should be filed from the judgment of sentence imposed on May 1, 2017. Thereafter, Appellant would have thirty days from the order denying the post-sentence motions to file an appeal. If the PCRA court denies the right to file post-sentence motions, Appellant may challenge the denial by appealing the PCRA court's order. See Watley, 153 A.3d at 1039 n.3 ("an order granting in part and denying in part all issues raised in a PCRA petition was a final order for purposes of appeal.").

Otherwise, his direct appeal nunc pro tunc should be taken from the May 1, 2017 sentence. To the extent the parties and the court believe that Appellant's remaining claims of ineffectiveness should be considered in a unitary appeal, they must follow the procedures and standards set forth in Holmes.

Order affirmed in part and vacated in part. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/8/2017